IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Jan 22 2021
U.S. DISTRICT COURT
Northern District of WV

WHEELING DIVISION

| | |
|---|---|
| RANCEL JERAMY CROSS and RACHEL CROSS, Individually And as Natural Guardians of S.C., a minor, T.C., a minor and L.C., a minor, | ) ) ) ) Civil Action No. **5:21-CV-12 (Bailey)** _____ (Wetzel County Circuit Court Civil Action No. 20-C-55) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| CAM SAFETY, LLC, EQT CORPORATION, PROFRAC SERVICES, LLC, BOTHA TRUCKING, LLC, JOHN DOE 1 and JOHN DOE 2, | ) ) ) ) ) |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants EQT Corporation ("EQT") and ProFrac Services, LLC ("ProFrac Services") ("Defendants") file this Notice of Removal, removing the case captioned *Rancel Jeramy Cross, et al. v. CAM Safety, LLC, et al.*, Civil Action No. 20-C-55 (the "State Court Action"), from the Circuit Court of Wetzel County, West Virginia, to the United States District Court for the Northern District of West Virginia, Wheeling Division. In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1. On December 18, 2020, Plaintiffs Rancel Jeramy Cross and Rachel Cross, as individuals, and as natural guardians of S.C., T.C., and L.C. (collectively, "Plaintiffs") filed a Summons and Complaint in the Circuit Court of Wetzel County, West Virginia.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Wetzel County West

Virginia docket for this matter and copies of all pleadings served to date are attached to this Notice of Removal as **Exhibit 1**.

3. In their Complaint, Plaintiffs name EQT; ProFrac Services; CAM Safety, LLC ("CAM Safety"); Botha Trucking, LLC ("Botha Trucking"); John Doe 1; and John Doe 2 as defendants in this civil action.

4. Plaintiffs served EQT, ProFrac Services, CAM Safety, and Botha Trucking on December 23, 2020, via their statutory agent for service of process, the West Virginia Secretary of State.[1]

5. Upon information and belief, Plaintiffs have not served John Doe 1 or John Doe 2 with process.

6. No defendants have filed any responsive pleadings in the Circuit Court of Wetzel County, West Virginia.

7. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* § 28 U.S.C. 1441(a).

8. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." *See* 28 U.S.C. § 1332(a).

9. As set forth below, because the matter in controversy in this case exceeds $75,000.00, exclusive of interest and costs, in value, and because the case arises between citizens of different states it lies within the original subject matter jurisdiction of this Court pursuant to 28

---

[1] Some of the defendants contend that service was ineffective.

U.S.C. § 1332(a).

10. In removing this matter to this Court, the defendants do not intend to waive any defenses they have to the action, including but not limited to, personal jurisdiction and venue.

### *Diversity of Citizenship*

11. Based upon the information available to the defendants, there is complete diversity between all Plaintiffs and all defendants.

12. Plaintiffs are citizens of West Virginia. *See* Compl. ¶¶ 1 - 3.

13. For purposes of diversity jurisdiction, citizenship of a corporation is determined by the location of its "principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" under 1332(c)(1) is "where a corporation's officers directed, controlled, and coordinated the corporation's activities, a 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). "The 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 81.

14. EQT is a Pennsylvania corporation with its principal office address in Pittsburgh, Pennsylvania. *See* Documents from West Virginia Secretary of State's Office, attached as **Exhibit 2**. EQT represents that its center of direction, control, and coordination is in its principal office in Pittsburgh, Pennsylvania. Therefore, EQT is not a West Virginia citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

15. "For purposes of diversity jurisdiction, the citizenship of a limited liability company ... is determined by the citizenship of all of its members..." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted).

16. ProFrac is a Texas limited liability company with its principal office in Cisco, Texas. ProFrac's members are citizens of Texas. *See* Documents from West Virginia Secretary of State's Office, attached as **Exhibit 3**.

17. CAM Safety is a West Virginia limited liability company with its principal office address in Granbury, Texas. CAM Safety's members are citizens of Texas. See Documents from West Virginia Secretary of State's Office, attached as **Exhibit 4**.

18. Botha Trucking is an Ohio limited liability company with its principal office address in Fredericksburg, Ohio. Botha Trucking's members are citizens of Ohio. See Documents from West Virginia Secretary of State's Office, attached as **Exhibit 5**.

19. The Complaint also lists two John Doe Defendants who are currently unknown and unserved. For purposes of 28 U.SC. § 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section § 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."). *See also Hughes v. Sears, Roebuck and Co.*, 2009 WL 2877424 (N.D. W. Va. 2009); *Lawson v. Am. Gen. Assur. Co.*, 455 F. Supp. 2d 526, 528 n.1 (S.D. W. Va. 2006); *Wygal v. Litton Loan Servicing LP*, 2009 U.S. Dist. LEXIS73183 at *17-18, 2009 WL 2524701 (S.D. W. Va. 2009).

20. Based on the foregoing, complete diversity exists as between all Plaintiffs and all defendants in this matter, making this action within the original jurisdiction of the district court. *See* 28 U.S.C. § 1332(a).

### *Amount in Controversy*

21. "[T]he amount in controversy is what the plaintiff claims to be entitled to or demands." *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W.Va. 2011). If not specified in the complaint, the amount in controversy must be determined on the likely monetary relief that may be granted to a plaintiff if he succeeds on all of his claims asserted in good faith. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936-37 (S.D. W. Va. 1996); *McGraw v. Discover*

*Fin. Servs., Inc.*, 2005 U.S. Dist. LEXIS 37111 at *8 (S.D. W. Va. 2005).

22. In their Complaint, Plaintiffs allege that Plaintiff Rancel Jeramy Cross suffered and continues to suffer and will continue to suffer in the future from the following:

> bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries he suffered in the collision, including but not limited to anterior head and left periorbital pain, mild osteoarthritis of left hip exacerbated by collision, disc osteophytes at C5-C6 and C6-7, mild canal narrowing at C5-6, moderate degenerative changes in hips exacerbated by the collision, strain of muscle fascia and tendon in lower back, muscle spasms in back lumbar, lumbago with sciatica in right and left sides, dysfunction of lumbar region, strain of muscle and tendon at right shoulder, and injuries to his head, cervical spine, hip, pelvis, right shoulder, back, lower back, lumbar region, tendon in right shoulder.

Compl. ¶ 69.

23. In their Complaint, Plaintiffs allege that Plaintiff Rachel Cross suffered and continues to suffer and will continue to suffer into the future from the following:

> bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to mild disc osteophyte C5-6, sinus issues, pelvic pain, strain of muscle tendon at neck level, segmental and somatic dysfunction of cervical region, cervical region kyphosis, segmental and somatic dysfunction of thoracic region, idiopathic scoliosis exacerbated by the collision, tenderness, and injuries to her neck, cervical spine, back, thoracic spine.

Compl. ¶ 71.

24. In their Complaint, Plaintiffs allege that Plaintiff S.C. suffered and continues to suffer and will continue to suffer into the future from the following:

> bodily injuries, both physical and mental, some of which are

> permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she sufferd in the collision, including but not limited to left sided neck pain, headache, nausea, c-spine strain, strain of muscles, dysfunction of cervical and lumbar regions, cervicalgia and injuries to her neck, back, lumbar, and head.

Compl. ¶ 73.

25. In their Complaint, Plaintiffs allege that Plaintiff T.C. suffered and continues to suffer and will continue to suffer into the future from the following:

> bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to chest pain, neck pain, decreased range of motion in his neck, strain of muscle tendon at neck level, segmental and somatic dysfunction of cervical region, pain radiating to bilateral foot and injuries to his neck, back, lower back, left leg, right leg, left foot and right food.

Compl. ¶ 75.

26. In their Complaint, Plaintiffs allege that Plaintiff L.C. suffered and continues to suffer and will continue to suffer into the future from the following:

> bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to headaches, nausea, muscle strains in tendon of back wall of thorax, muscle spasm of back lumbar and injuries to her cervical spine, head, left knee, back, thoracic spine, neck and lower back.

Compl. ¶ 77.

27. Plaintiffs also allege in their Complaint that all of the Plaintiffs have suffered "diminishment in their abilities to fully function, enjoy life and earn a living." Compl. ¶ 79.

28. In summary, Plaintiffs allege extensive physical and emotional injuries to five

individuals, three of whom are children, including "agonizing physical suffering" and "disfigurement." Plaintiffs assert that all five individuals suffered those injuries on April 2, 2019, that they continue to suffer from those injuries nearly two years later, and that they will continue to suffer from those injuries in the future.

29. Plaintiffs assert claims for punitive damages. Compl. p. 26. In West Virginia, a good faith claim for punitive damages may augment compensatory and special damages when determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. White v. J. C. Penny Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W. Va. 1998). Where the amount of actual, measurable damages is significantly deficient by punitive damages are alleged, the jurisdictional minimum is likely satisfied due to West Virginia' stendency to award excessive punitive damages. *See Mullins v. Harry's Mobile Homes*, 861 F.Supp. 22, 24 (S.D. W. Va. 1994), White, 861 F.Supp. at 27.

30. Plaintiffs also seek an award of attorneys' fees. Compl. p. 26. Where the recovery of attorney's fees is required by a plaintiff, such fees are also required to be added to the value of the amount in controversy for purposes of establishing whether the jurisdictional minimum has been reached. *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 584 (S.D. W. Va. 1999).

31. Based on the evidence of record, and taking into consideration the demand for attorneys' fees and punitive damages, Defendants have met their burden of establishing, by a preponderance of the evidence, that the amount in controversy threshold of $75,000 is exceeded in this action.

### *Removal Procedure*

32. Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within thirty (30) days of receipt of the Summons and Complaint by EQT Production.

33. Removal is properly made to the United States District Court for the Northern District of West Virginia, Wheeling Division, under 28 U.S.C. § 1441(a), because Wetzel County, where the State Court Action is pending, is within the Northern District of West Virginia, Wheeling Division. *See* 28 U.S.C. § 129(a).

34. EQT and ProFrac Services will file written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Wetzel County, West Virginia concurrently with the filing of this Notice and Removal and will serve the same on Plaintiffs pursuant to 28 U.S.C. § 1446(d).

35. All Defendants have consented to the removal of this action.[2]

---

[2] Again, for purposes of 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. *See also* **Exhibit 6**.

WHEREFORE, by this Notice of Removal, EQT and ProFrac Services remove this action from the Circuit Court of Wetzel County, West Virginia, and request that this action proceed as properly removed to this Court.

Respectfully submitted,

/s/Jennifer J. Hicks
Jennifer J. Hicks (WV Bar No. 11423)
Tiffany Arbaugh (WV Bar No. 9982)
jhicks@babstcalland.com
tarbaugh@babstcalland.com
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
681-265-8888
681-205-8814 (fax)
*Counsel for EQT Corporation*

/s/Nathanial Kuratomi
Nathanial Kuratomi
Jenkins Fenstermaker, PLLC
215 S. 3rd Street
Suite 400
Clarksburg, WV 26301
nak@jenkinsfenstermaker.com
*Counsel for ProFrac Services, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

| | |
|---|---|
| RANCEL JERAMY CROSS and RACHEL CROSS, Individually And as Natural Guardians of S.C., a minor, T.C., a minor and L.C., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> CAM SAFETY, LLC, EQT CORPORATION, PROFRAC SERVICES, LLC, BOTHA TRUCKING, LLC, JOHN DOE 1 and JOHN DOE 2, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. __5:21-CV-12 (Bailey)__ <br> (Wetzel County Circuit Court Civil Action No. 20-C-55) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was filed January 22, 2021, electronically through the Court's CM/ECF system, which will send a notice of the electronic filing, and that I served the same by first-class U.S. mail, postage prepaid to the following:

Scott S. Blass
Christopher J. McCabe
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
sblass@bordaslaw.com
cmccabe@bordaslaw.com
*Counsel for Plaintiffs*

Matthew Nelson
Lewis Brisbois
707 Virginia Street, East
Suite 1400
Charleston, WV 25301
Matt.Nelson@lewisbrisbois.com
*Counsel for Botha Trucking, LLC*

Nathanial Kuratomi
Jenkins Fenstermaker, PLLC
215 S. 3rd Street
Suite 400
Clarksburg, WV 26301
nak@jenkinsfenstermaker.com
*Counsel for ProFrac Services, LLC*

CAM Safety, LLC
PO Box 1366
Granbury, TX 76048

/s/ *Jennifer J. Hicks*
Jennifer J. Hicks (WVSB# 11423)