# Exhibit 1

 (/DEFAULT.ASPX)

Civil
Case Information
Second Judicial Circuit of Wetzel County

20-C-55
Judge: JEFFREY D. CRAMER
RANCEL JERAMY CROSS, ET AL VS. CAM SAFETY, LLC

**Plaintiff(s)**

            **Plaintiff Attorney(s)**

ET, RANCEL JERAMY CR

        CHRISTOPHER J. MCCABE

**Defendant(s)**

            **Defendant Attorney(s)**

BOTHA TRUCKING, LLC
CORPORATION, EQT
JOHN DOE 1
JOHN DOE 2
LLC, CAM SAFETY,
PROFRAC SERVICES, LLC

            N/A

Date Filed: 12/18/2020
Case Type: GENERAL CIVIL
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A

| **Line** | **Date** | **Action / Result** |
|---|---|---|
| 0001 | 12/18/2020 | CCIS & COMPLAINT FILED. *COPY RETURNED TO BORDAS & BORDAS, PLLC* |
| 0002 | 12/18/2020 | SUMMONS ISSUED.(CAM SAFETY, LLC) |
| 0003 | | COPY OF SUMMONS & COMPLAINT MAILED TO S.O.S FOR SERVICE |
| 0004 | 12/18/2020 | SUMMONS ISSUED.(EQT CORPORATION) |
| 0005 | | COPY OF SUMMONS & COMPLAINT MAILED TO S.O.S FOR SERVICE |
| 0006 | 12/18/2020 | SUMMONS ISSUED.(PROFRAC SERVICES, LLC) |
| 0007 | | COPY OF SUMMONS & COMPLAINT MAILED TO S.O.S FOR SERVICE |
| 0008 | 12/18/2020 | SUMMONS ISSUED.(BOTHA TRUCKING, LLC) |
| 0009 | | COPY OF SUMMONS & COMPLAINT MAILED TO S.O.S FOR SERVICE |

```
0010    12/30/2020    PROCESS "ACCEPTED FOR SERVICE OF PROCESS" BY S.O.S ON 12/23/2020
0011                  FOR BOTHA TRUCKING LLC
0012    12/30/2020    PROCESS "ACCEPTED FOR SERVICE OF PROCESS" BY S.O.S ON 12/23/2020
0013                  FOR PROFRAC SERVICES, LLC
0014    12/30/2020    PROCESS "ACCEPTED FOR SERVICE OF PROCESS" BY S.O.S ON 12/23/2020
0015                  FOR EQT CORPORATION
0016    12/30/2020    PROCESS "ACCEPTED FOR SERVICE OF PROCESS" BY S.O.S ON 12/23/2020
0017                  FOR CAM SAFETY, LLC
```

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082

IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

R. .NCEL JERAMY CROSS and
RACHEL CROSS, Individually
and as Natural Guardians of S
C   a minor, T   C   , a minor
and L   Cl   ., a minor,

      Plaintiffs,

vs.

CAM SAFETY, LLC,
EQT CORPORATION,
PROFRAC SERVICES, LLC
BOTHA TRUCKING, LLC,
JOHN DOE 1 and JOHN DOE 2,

      Defendants.

Civil Action No. _20-C-55_

Judge: _Cramer_

## COMPLAINT

NOW COME, the Plaintiffs, Rancel Jeramy Cross and Rachel Cross, Individually and as Natural Guardians of Sl   C   , a minor, T   C   , a minor and L   C   , a minor, who for their Complaint against the Defendants, CAM Safety, LLC; EQT Corporation; ProFrac Services, LLC; Botha Trucking, LLC; John Doe 1 and John Doe 2.

1.    Plaintiff, Rancel Jeramy Cross (hereinafter "Plaintiff Husband") at all times material and relevant hereto, was an adult individual who resided at 4597 Next Road, Sisterville, West Virginia 26175.

2.    Plaintiff, Rachel Cross (hereinafter "Plaintiff Wife") at all times material and relevant hereto, was an adult individual who resided at 4597 Next Road, Sisterville, West Virginia 26175.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

1

3.    At all times material and relevant hereto, Plaintiffs Husband and Wife were/are legally married and are the biological parents of their children, S   C    , a minor, T.    C    , a minor, and L    C    , a minor (hereinafter collectively referred to as "minor-Plaintiffs").

4.    Plaintiffs Husband and Wife commence this action on their own behalves, individually, and on behalf of their children, minor-Plaintiffs, against all Defendants for all injuries, harms, losses and damages minor-Plaintiffs experienced, and are reasonably certain to suffer as a result of their involvement in the April 2, 2019 incident which is the subject of this Complaint.

5.    Upon information and belief, Defendant, CAM Safety, LLC (hereinafter referred to as "Defendant CAM Safety"), is a Limited Liability Corporation, organized and existing under the laws of the State of West Virginia, with a mailing address, corporate office and/or principal place of business located at P.O. Box 1366, Granbury, Texas 76048.

6.    Upon information and belief, Defendant, EQT Corporation (hereinafter referred to as "Defendant EQT"), is a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business located at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222.

7.    Upon information and belief, Defendant, ProFrac Services, LLC (hereinafter referred to as "Defendant ProFrac"), is a Limited Liability Corporation, organized and existing under the laws of the State of Texas, with a principal place of business located at 17018 Interstate 20, Cisco, Texas 76437.

2

8.     Upon information and belief, Defendant, Botha Trucking, LLC (hereinafter referred to as "Defendant Botha Trucking"), is a Limited Liability Corporation, organized and existing under the laws of the State of Ohio, with a principal place of business located at 5421 County Road 229, Fredericksburg, Ohio 44627.

9.     Defendants CAM Safety, EQT, ProFrac and Botha Trucking at all times material and relevant hereto, acted by and through their actual, apparent, entrusted, authorized and/or ostensible agents, employees, contractors and/or servants, and conducted business throughout the State of West Virginia, including, but not limited to, Wetzel County.

10.     Upon information and belief, Defendant, John Doe 1, whose identity is currently unknown, despite Plaintiffs' best efforts, is an adult individual.

11.     Defendant John Doe 1 at all times material and relevant hereto was an actual, apparent, entrusted, authorized and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of CAM Safety, as described more fully throughout this Complaint.

12.     Upon information and belief, Defendant, John Doe 2, whose identity is currently unknown, despite the Plaintiffs' best efforts, is an adult individual.

13.     Defendant John Doe 2 at all times material and relevant hereto was an actual, apparent, entrusted, authorized and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendants EQT, ProFrac and Botha Trucking, as described more fully throughout this Complaint.

3

14.   Defendants EQT, ProFrac and Botha Trucking at all times material and relevant hereto, were Interstate motor carriers as defined by the Federal Motor Carrier Safety Regulations ("FMCSR"), and were each required to comply with all applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration ("FMCSA") and the FMCSR.

15.   It is believed and therefore averred that at all times material and relevant hereto, Defendant EQT hired, contracted with and/or utilized the transportation services provided by Defendant ProFrac in direct furtherance of its specific business operations.

16.   It is believed and therefore averred that at all times material and relevant hereto, Defendant ProFrac hired, subcontracted with and/or utilized the transportation services of Defendant Botha Trucking in direct furtherance of its specific business operations.

17.   At all times material and relevant hereto, Defendants EQT, ProFrac and Botha Trucking were businesses that continuously employed, worked with and/or associated with each other in a manner that relates to all aspects of the business of professional commercial carrier companies and loading/shipping/transporting goods/products by utilizing commercial carriers.

18.   Defendant John Doe 2 at all times material and relevant hereto, was the permissive operator of a commercial motor vehicle that displayed Defendant Botha Trucking's business placard and federally issued USDOT and MC Numbers.

4

19.     In the alternative, Defendant John Doe 2 at all times material and relevant hereto, was the permissive operator of a commercial motor vehicle that displayed Defendant ProFrac's business placard and federally issued USDOT and MC Numbers.

20.     In the alternative, Defendant John Doe 2 at all times material and relevant hereto, was the permissive operator of a commercial motor vehicle that displayed Defendant EQT's business placard and federally issued USDOT and MC Numbers.

21.     Defendant John Doe 2 at all times material and relevant hereto, operated a commercial motor vehicle that was owned by, registered to and acted under the direct control, direction, authority and supervision of Defendants EQT, ProFrac and Botha Trucking.

22.     Defendants EQT, ProFrac and Botha Trucking at all times material and relevant hereto, had possession and control over the conduct, actions, inactions, omissions and behavior of Defendant John Doe 2, while he was operating a commercial motor vehicle at the time of the subject crash.

23.     At all times material and relevant hereto, Defendants EQT, ProFrac and Botha Trucking hired, contracted with and/or utilized the Pilot/logistics services of Defendant CAM Safety in direct furtherance of their specific business operations.

24.     At all times material and relevant hereto, Defendant John Doe 1 operated a motor vehicle that was owned by, registered to and acting under the direct control, direction, authority and supervision of Defendant CAM Safety.

25.     Defendant CAM Safety at all times material and relevant hereto, had possession and control over the conduct, actions, inactions, omissions and behavior of

5

Defendant John Doe 1, while he was operating a motor vehicle at the time of the subject crash.

26.     Defendants CAM Safety, EQT, ProFrac and Botha Trucking at all times material and relevant hereto performed separate functions and/or committed separate acts/omissions that are specifically set forth throughout this Complaint, so as to independently directly cause the injuries and damages to Plaintiffs, as specifically set forth more fully throughout this Complaint.

27.     On or about April 2, 2019, a pick-up truck, acting as a "pilot truck," was being operated by Defendant John Doe 1 and was traveling on Doolin Run Road in New Martinsville, Wetzel County, West Virginia.

28.     At all times material and relevant hereto, Defendant John Doe 1 was acting within the course and scope of his actual and/or ostensible agency and/or employment with Defendant CAM Safety.

29.     At all times material and relevant hereto, a pilot truck is meant to guide commercial motor vehicles along public roadways and warn other drivers traveling in the opposite direction of any large, oversized commercial motor vehicles following it.

30.     On or about April 2, 2019, Defendant John Doe 1, in the operation of his pilot truck on behalf of Defendant CAM Safety, negligently, carelessly and recklessly failed to have any lights activated, did not have the pilot truck's pole up, and/or was not making any motions/signals to warn other traffic that four large/wide commercial motor vehicles were following his pilot truck.

6

31.     At the same time, date and location, the pilot truck being operated by Defendant John Doe 1 was in fact leading a group of four commercial motor vehicles, including a tractor trailer being operated by Defendant John Doe 2, along Doolin Run Road in New Martinsville, Wetzel County, West Virginia.

32.     At all times material and relevant hereto, Defendant John Doe 2 was acting within the course and scope of his actual and/or ostensible agency and/or employment with Defendants EQT, ProFrac and Botha Trucking.

33.     The four commercial motor vehicles, including the vehicle operated by Defendant John Doe 2, at all times material and relevant hereto were owned by, operated by, controlled by and/or acting in the direct furtherance of the specific business operations of Defendants CAM Safety, EQT, ProFrac and Botha Trucking.

34.     At the same time, date and approximate location, Plaintiff Husband was operating his vehicle on Doolin Run Road in the opposite direction.

35.     Plaintiff Husband at all times material and relevant hereto was operating his vehicle along Doolin Run Road when he noticed the pilot truck, without any lights/pole/signals, traveling in the opposing traffic lane.

36.     Based on the lack of lights/pole/signals, at all times material and relevant hereto, Plaintiff Husband proceeded to operate his vehicle in his designated travel lane along Doolin Run Road, acting lawfully, prudently, reasonably and cautiously.

37.     Suddenly and without warning, two commercial tractor trailers, including the one being operated by Defendant John Doe 2, were traveling in the opposite

direction, and both were encroaching significantly over the yellow line that separated the travel lanes of Doolin Run Road.

38.     At all times material and relevant hereto, Plaintiff Husband was forced to maneuver his vehicle as far as practically possible to the right-hand side of his travel lane, nearly abutting against the guardrail.

39.     At all times material and relevant hereto, the tractor trailers were being operated at excessive, unsafe and/or unreasonable speeds based on the existing conditions.

40.     The first tractor trailer in line, at all times material and relevant hereto, barely missed crashing into the Plaintiffs' vehicle.

41.     At all times material and relevant hereto, the second tractor trailer in line was being operated by Defendant John Doe 2 at a high rate of speed and was encroaching significantly into Plaintiff Husband's designated travel lane.

42.     Defendant John Doe 2, negligently, carelessly, recklessly and outrageously caused his tractor trailer to violently side-swipe/ slam into the Plaintiffs' vehicle.

43.     The violent/forceful impact of John Doe 2's tractor trailer directly and proximately caused Plaintiffs' vehicle to crash into the guardrail, leaving Plaintiffs on the edge of a large drop-off and directly and proximately causing Plaintiffs Husband and Wife and minor-Plaintiffs to each sustain catastrophic and significant personal injuries and damages.

8

44.     At all times material and relevant hereto, in addition to the pilot vehicle and first two tractor-trailers, a third and fourth tractor trailer, owned by, operated by and/or acting in direct furtherance of the specific operations of Defendants EQT, ProFrac and Botha Trucking, witnessed the entire crash unfold and never stopped to render assistance or aid to the Plaintiffs.

45.     At all times material and relevant hereto, the four commercial motor vehicles and the pilot truck, each under the direction/control of the Defendants, fled the scene of the crash and failed to render any aid or assistance to the Plaintiffs who were injured as a result of the crash caused by the Defendants.

46.     Defendant John Doe 1 at all times material and relevant hereto, owed Plaintiffs a duty to exercise due and reasonable care to properly warn them and other drivers on Doolin Run Road of any commercial motor vehicles following his pilot truck.

47.     Defendant John Doe 1 at all times material and relevant hereto breached his duty of care to all vehicles traveling on Doolin Run Road, specifically Plaintiffs', when he failed to have any lights activated, did not have the pole up, and/or was not making any motions/signals to warn traffic that commercial motor vehicles were following.

48.     Defendant John Doe 1 at all times material and relevant hereto, breached his duty of care to all vehicles traveling on Doolin Run Road, specifically Plaintiffs, when he negligently, carelessly and/or recklessly failed to warn them of the commercial motor vehicles that were following him, including the vehicle being operated by

9

Defendant John Doe 2, which directly and proximately caused a violent side-swiping collision.

49.     Defendant John Doe 1's negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of the subject collision and the injuries and damages suffered by Plaintiffs.

50.     At all times material and relevant hereto, Plaintiff Husband acted lawfully, carefully and prudently and in no way caused or contributed to the collision

51.     At all times material and relevant hereto, Plaintiff Wife and minor-Plaintiffs were passengers in the vehicle being operated by Plaintiff Husband and in no way caused or contributed in any way to the subject collision.

52.     The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendant John Doe 1's negligent, careless and/or reckless conduct, in the following particulars:

a)     Failing to maintain a proper lookout;

b)     Failing to maintain proper and adequate control;

c)     Failing to warn and/or signal Plaintiff Husband of the commercial motor vehicles following his truck;

d)     Failing to activate his truck's warning lights;

e)     Failing to extend his truck's warning pole;

f)     Failing to keep a reasonable look-out for other vehicles lawfully on the roadway;

g)     Causing and/or contributing to a preventable collision;

h)     Failing to stop and/or render assistance to Plaintiffs after causing/contributing to a preventable crash;

i)     Fleeing the scene of a crash;

j)     Operating a vehicle in a negligent, careless and reckless manner;

k)   Operating a vehicle in willful or wanton disregard for the safety of other persons and property, including but not limited to the Plaintiffs;

l)   Failing to adhere to all Defendant CAM Safety's internal policies and procedures concerning the safe and lawful operation of company vehicles;

m)   Failing to adhere to all Defendant CAM Safety's internal policies and procedures concerning proper warning signs/signals when operating a pilot truck on behalf of the company; and

n)   Failing to exercise due care generally in the operation of the vehicle he was driving.

53.   Defendant John Doe 1 at all times material and relevant hereto was acting within the scope and course of his employment and/or specific relationship with Defendant CAM Safety, as specifically outlined throughout this Complaint. Consequently, Defendant CAM Safety is vicariously liable for all injuries and damages caused by the negligent, careless and/or reckless acts of Defendant John Doe pursuant to the doctrine of *respondeat superior*.

54.   Defendant CAM Safety is fully liable for the acts of its respective, actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including but not limited to, Defendant John Doe 1, who was operating within the course and scope of his employment and/or agency relationship pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

55.   The injuries and damages suffered by Plaintiffs are also the direct and proximate result of Defendant CAM Safety's negligent, careless and/or reckless conduct, in the following particulars:

11

a)   Failing to adequately monitor, control and/or supervise Defendant John Doe 1 who was operating a motor vehicle on behalf of the Company;

b)   Permitting Defendant John Doe 1 to operate a company motor vehicle without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating the vehicle in a lawful manner, so as not to harm others driving on the roadway;

c)   Failing to ensure that Defendant John Doe 1 complied with applicable West Virginia law while operating a motor vehicle on behalf of the company;

d)   Permitting Defendant John Doe 1 to operate a company motor vehicle when it knew or had reason to know that his lack of training, experience and/or driving propensities would cause him to operate said vehicle in an unsafe and/or unlawful manner, thereby creating unreasonable risk of harm to others on the road, including but not limited to the Plaintiffs;

e)   Failing to implement company procedures and/or policies directed toward its drivers, including Defendant John Doe 1, concerning proper Pilot vehicle warning devices and signals;

f)   Failing to develop policies and/or procedures directed toward its drivers concerning the proper, safe and lawful operation of a pilot truck to protect other drivers positioned around their vehicle/convoy;

g)   Failing to instruct its drivers, including Defendant John Doe 1, to not operate a motor vehicle while distracted;

h)   Failing to instruct its drivers, including Defendant John Doe 1, how to use safety warning devices and signals on a pilot vehicle;

i)   Failing to instruct its drivers, including Defendant John Doe 1, to always have warning lights on when leading a large/wide commercial vehicle convoy;

j)   Creating and/or implementing timetables and/or methods of compensation that encourage drivers, including but not limited to Defendant John Doe 1, to drive unsafely and unreasonably;

k)   Failing to intervene and/or prevent Defendant John Doe 2 from violating Federal, State and/or Local Rules, Laws and/or Regulations when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

l)   Failing to properly train Defendant John Doe 1;

12

m)   Failing to properly vet Defendants EQT, ProFrac and Botha Trucking;

n)   Failing to properly vet Defendant John Doe 2;

o)   Failing to exercise due care generally; and

p)   Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiffs.

56.   Defendant John Doe 2 at all times material and relevant hereto, also owed Plaintiffs a duty to exercise due and reasonable care to maintain control of his commercial motor vehicle at a safe and reasonable speed and to obey all applicable regulations, rules and laws.

57.   Defendant John Doe 2 at all times material and relevant hereto, owed Plaintiffs a duty to exercise due and reasonable care to maintain control of his commercial motor vehicle and to ensure it remained in its designated travel lane, without crossing over the yellow line and encroaching into the oncoming traffic lane.

58.   Defendant John Doe 2 at all times material and relevant hereto, breached his duty of care to all vehicles traveling on Doolin Run Road, specifically Plaintiffs, when he negligently, carelessly and/or recklessly caused a violent side-swiping collision with Plaintiffs' vehicle.

59.   Defendant John Doe 2 at all times material and relevant hereto, breached his duty of care to all vehicles traveling on Doolin Run Road, when he negligently, carelessly and/or recklessly failed to maintain control of his commercial motor vehicle at a safe and reasonable speed and to keep his vehicle positioned within its designated travel lane, without crossing over the yellow line and encroaching into the oncoming traffic lane.

60.    Defendant John Doe 2's negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of the subject collision and the injuries and damages suffered by Plaintiffs.

61.    At all times material and relevant hereto, Plaintiff Husband acted lawfully, carefully and prudently and in no way caused or contributed to the collision

62.    At all times material and relevant hereto, Plaintiff Wife and minor-Plaintiffs were passengers in the vehicle being operated by Plaintiff Husband and in no way caused or contributed in any way to the subject collision.

63.    The injuries and damages suffered by Plaintiffs are also the direct and proximate result of Defendant John Doe 2's negligent, careless and/or reckless conduct, in the following particulars:

a)    Failing to keep a proper lookout for traffic and roadway conditions that existed in front of his tractor trailer and/or traffic traveling in the opposite direction;

b)    Failing to maintain proper and adequate control of his vehicle;

c)    Failing to keep an appropriate lookout for surrounding traffic;

d)    Continuing to operate his tractor trailer in a direction towards Plaintiffs' vehicle when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

e)    Operating a commercial motor vehicle while he was distracted and/or inattentive and failed to maintain a sharp lookout of the road and the condition of the traffic surrounding him;

f)    Operating a commercial motor vehicle recklessly;

g)    Failing to sound a horn or give other warning of the approach of his commercial motor vehicle;

h)    Failing to maintain within his lane of travel;

i)    Crossing over a double-yellow line on the roadway;

14

j)      Operating a vehicle in the on-coming traffic lane;

k)     Operating his commercial motor vehicle in such a manner that forced Plaintiff Husband to take evasive action;

l)      Failing to operate the brakes in such a manner so that he could stop his commercial motor vehicle before colliding with Plaintiffs' vehicle;

m)    Failing to re-establish his commercial motor vehicle in its proper lane of travel;

n)     Failing to yield to Plaintiff Husband's right of way;

o)     Failing to drive defensively;

p)     Failing to take any evasive action so as to avoid colliding with the Plaintiffs' vehicle;

q)     Failing to comply with West Virginia law pertaining to operating a vehicle in a willful and wanton disregard for the safety of persons and property;

r)      Failing to comply with West Virginia law in that he operated his commercial motor vehicle without due regard for the rights, safety and position of other motorists, including Plaintiff Husband;

s)     Failing to comply with West Virginia law in that he operated his commercial motor vehicle in a reckless manner;

t)      Operating a commercial motor vehicle at a high, dangerous and reckless rate of speed under the circumstances that then and there existed;

u)     Operating a commercial motor vehicle while distracted and/or fatigued;

v)     Failing to adhere to all Federal/State/Local Regulations and laws when operating a commercial motor vehicle;

w)    Failing to adhere to all Defendants' internal policies and procedures concerning the safe and lawful operation of a commercial motor vehicle;

x)     Violating industry standards concerning rest times, hours worked, hours driven, attentiveness, distracted driving, and/or adhering to the traffic laws concerning the operation of a commercial motor vehicle on highways and roads;

y)     Failing to properly anticipate, plan and/or prepare for and/or prevent emergencies and/or equipment failure;

z)   Failing to comply with industry best practices and/or safety standards;

aa)  Failing to employ and/or utilize defensive driving techniques to monitor existing traffic and roadway conditions surrounding his vehicle;

bb)  Causing a preventable collision;

cc)  Causing a preventable collision and then fleeing the scene;

dd)  Operating the commercial motor vehicle when he was physically and/or mentally unprepared and/or incapable of doing so safely;

ee)  Failing to perform an appropriate pre-trip inspection;

ff)  Failing to employ and/or utilize training he received to become a licensed commercial driver;

gg)  Failing to employ and/or understand space management principles, specifically, managing the space in and around his vehicle at all relevant times;

hh)  Failing to employ and/or understand basic defensive driving principles;

ii)  Failing to practice and/or understand, at a minimum, safety standard concepts as outlined in the Federal Motor Carrier Safety Regulations and the Commercial Driving License Manual;

jj)  Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a commercial motor vehicle, specifically, being cognizant of vehicles traveling in the opposite direction;

kk)  Violating the applicable sections of the Federal Motor Carrier Safety Regulations, inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry; and

ll)  Operating the commercial motor vehicle in violation of the laws, ordinances, and regulations of the State of West Virginia, in violations of FMCSR 392.2

64.   Defendant John Doe 2 at all times material and relevant hereto was acting within the scope and course of his employment and/or specific relationship with Defendants EQT, ProFrac and Botha Trucking, as specifically outlined throughout this Complaint. Consequently, Defendants EQT, ProFrac and Botha Trucking are vicariously

16

liable for all injuries and damages caused by the negligent, careless and/or reckless acts of Defendant John Doe pursuant to the doctrine of *respondeat superior*.

65.     Defendants EQT, ProFrac and Botha Trucking are fully liable for the acts of their respective, actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including but not limited to, Defendant John Doe 2, who was operating within the course and scope of his employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

66.     The injuries and damages suffered by Plaintiffs are also the direct and proximate result of Defendants EQT, ProFrac and Botha Trucking's own negligent, careless and/or reckless conduct, in the following particulars:

a)     Failing to adequately monitor, control and/or supervise Defendant John Doe 2 who was operating the commercial motor vehicle on behalf of the company;

b)     Permitting Defendant John Doe 2 to operate a commercial motor vehicle without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating the equipment in a lawful manner, so as not to harm others driving on the roadway;

c)     Failing to ensure that Defendant John Doe 2 complied with applicable FMCSR while operating a commercial motor vehicle;

d)     Permitting Defendant John Doe 2 to operate a commercial motor vehicle when it knew, or had reason to know that his lack of training, experience and/or driving propensities would cause him to operate said vehicle in an unsafe and/or unlawful manner, thereby creating an unreasonable risk of harm to others on the road, including, but not limited to, Plaintiff Husband;

e)     Failing to inquiry, investigate and/or determine whether Defendant John Doe 2 was qualified to legally operate a commercial motor

17

vehicle on the day of the collision, in direct violation of Part 391 of the FMCSR;

f)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, in the safe, proper and prudent operation of a commercial motor vehicle to include, but not be limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' Manuals, the FMCSR and/or the traffic laws of West Virginia;

g)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, how to maintain proper control of a commercial motor vehicle in its designated travel lane so as to avoid collisions with other vehicles using the roadway;

h)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, regarding defensive driving techniques and/or the Smith Systems;

i)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, of the importance of West Virginia Code 17C-6-1, and to never operate a commercial motor vehicle at a speed greater than reasonable and prudent under the existing circumstances;

j)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, regarding space management in, around and in front of a tractor trailer, so as to avoid collisions with others utilizing the roadway;

k)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, regarding speed management, speed and stopping distances, speed and visibility and speed and traffic flow, so as to avoid collisions with others utilizing the roadway;

l)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, regarding various approved techniques for commercial drivers to perform a visual search ahead of their vehicle, so as to avoid collisions with others utilizing the roadway;

m)  Failing to instruct and/or train its drivers, including Defendant John Doe 2, regarding proper anticipation, to plan and/or prepare for, to prevent emergencies and/or prevent equipment failure, so as to avoid collisions with others utilizing the roadway;

n)  Failing to ensure its drivers, including Defendant John Doe 2, complied with and/or observed the FMCSR in violation of 49 C.F.R. § 390.11;

o)   Failing to ensure its drivers, including Defendant John Doe 2, conducted pre-trip, pre-operation, post-trip and/or post operation inspections as required by the FMCSR and the FMCSA;

p)   Failing to implement company procedures and/or policies directed towards its drivers, including Defendant John Doe 2, concerning safe driving principles on traveled roadways;

q)   Failing to develop policies and/or procedures directed to its drivers, including Defendant John Doe 2, concerning the proper, safe and lawful operation of a commercial motor vehicle to protecting other drivers on the road;

r)   Failing to properly instruct, train and/or educate its drivers, including Defendant John Doe 2, to not operate a commercial motor vehicle while distracted;

s)   Permitting its drivers, including Defendant John Doe 2, to drive such equipment in an unsafe manner in direct violation of 49 C.F.R. §396.7;

t)   Failing to comply with 49 C.F.R. 396.3 requiring proper vehicle inspections, repairs and maintenance;

u)   Failing to comply with 49 C.F.R. 396.13 requiring proper vehicle inspections by persons permitted to operate a commercial motor vehicle owned and/or controlled by Defendant;

v)   Failing to comply with 49 C.F.R. Section 390.13 which prohibits aiding, abetting, encouraging, and/or requiring violations of the FMCSR;

w)   Permitting Defendant John Doe 2 to operate a commercial motor vehicle on limited sleep, while drowsy, fatigued and/or sleepy in direct violation of 49 C.F.R. § 392.3;

x)   Failing to ensure that Defendant John Doe 2 only drove a commercial motor vehicle within the specified number of hours he was permitted, as limited by federal and state law regulations;

y)   Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. § 390.3(e)(1);

z)   Failing to instruct Defendant John Doe 2 on the requirements of the FMCSR, as required by 49 C.F.R. § 390.3(e)(2);

aa)   Failing to employ a competent and/or qualified safety director;

bb)   Failing to adequately staff a safety department;

cc)   Failing to properly vet Defendant CAM Safety;

19

dd)   Failing to properly vet Defendant John Doe 1;

ee)   Failing to inspect, maintain and/or repair the subject commercial motor vehicle to ensure that all of its parts, mechanisms and equipment were working so it could safely operate in direct violation of 49 C.F.R. § 392.7;

ff)   Failing to intervene and/or prevent Defendant John Doe 2 from violating Federal, State and/or Local Rules, Regulations and/or Laws when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

gg)   Failing to comply with all applicable state and federal laws under the circumstances as provided for under FMCSR § 390.3;

hh)   Failing to comply with industry best practices and/or safety standards;

ii)   Violating Federal, State and Local Safety Regulations, including the FMCSR;

jj)   Failing to exercise due care generally; and

kk)   Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Husband.

67.   Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2, each owed a duty to the Plaintiffs to use reasonable care for their safety in all the particulars as set forth throughout this Complaint.

68.   The acts of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2, as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of the Plaintiffs, and other individuals who were operating vehicles at and/or near the crash locations, as their stated conduct had a great probability of causing substantial harm.

69.   As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, Plaintiff Husband suffered,

20

continues to suffer, and will continue to suffer in the future bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries he suffered in the collision, including but not limited to anterior head and left periorbital pain, mild osteoarthritis of left hip exacerbated by collision, disc osteophytes at C5-C6 and C6-7, mild canal narrowing at C5-6, moderate degenerative changes in hips exacerbated by the collision, strain of muscle fascia and tendon in lower back, muscle spasms in back lumbar, lumbago with sciatica in right and left sides, dysfunction of lumbar region, strain of muscle and tendon at right shoulder, and injuries to his head, cervical spine, hip, pelvis, right shoulder, back, lower back, lumbar region, tendon in right shoulder.

70.    As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, Plaintiff Husband required and is reasonably certain to continue to require significant medical treatment and chiropractic treatment.

71.    As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, Plaintiff Wife suffered, continues to suffer, and will continue to suffer into the future bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental

anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to mild disc osteophyte C5-6, sinus issues, pelvic pain, strain of muscle tendon at neck level, segmental and somatic dysfunction of cervical region, cervical region kyphosis, segmental and somatic dysfunction of thoracic region, idiopathic scoliosis exacerbated by the collision, tenderness, and injuries to her neck, cervical spine, back, thoracic spine.

72.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, Plaintiff Wife required and is reasonably certain to continue to require significant medical treatment and chiropractic treatment.

73.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Shyla suffered, continues to suffer, and will continue to suffer into the future bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to left sided neck pain, headache, nausea, c-spine strain, strain of muscles, dysfunction of cervical and lumbar regions, cervicalgia and injuries to her neck, back, lumbar, and head.

22

74.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Shyla Cross, required and is reasonably certain to continue to require significant medical treatment and chiropractic treatment.

75.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Tristan Cross, suffered, continues to suffer, and will continue to suffer into the future bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to chest pain, neck pain, decreased range of motion in his neck, strain of muscle tendon at neck level, segmental and somatic dysfunction of cervical region, pain radiating to bilateral foot and injuries to his neck, back, lower back, left leg, right leg, left foot and right foot.

76.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Tristan Cross, required and is reasonably certain to continue to require significant medical treatment and chiropractic treatment.

23

77.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Layla Cross suffered, continues to suffer, and will continue to suffer into the future bodily injuries, both physical and mental, some of which are permanent, agonizing physical suffering and pain, mental anguish, anxiety, disfigurement, physical impairment, fright, shock, embarrassment, humiliation, emotional distress, as a result of the serious/severe injuries she suffered in the collision, including but not limited to headaches, nausea, muscle strains in tendon of back wall of thorax, muscle spasm of back lumbar and injuries to her cervical spine, head, left knee, back, thoracic spine, neck and lower back.

78.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, minor-Plaintiff Layla has required and is reasonably certain to continue to require significant medical treatment and chiropractic treatment.

79.     As a direct, proximate and reasonably foreseeable result of Defendants CAM Safety, EQT, ProFrac, Botha Trucking, John Doe 1 and John Doe 2's negligent, careless and/or reckless conduct as described herein, Plaintiffs have suffered physical pain, mental and emotional anguish, annoyance, inconvenience and a diminishment in their abilities to fully function, enjoy life and earn a living.

24

WHEREFORE, Plaintiffs, Rancel Jeramy Cross and Rachel Cross, Individually and as Natural Guardians of Shyla Cross, a minor, Tristan Cross, a minor and Layla Cross, a minor, respectfully pray that judgment be entered against Defendants CAM Safety, LLC; EQT Corporation; ProFrac Services, LLC; Botha Trucking, LLC; John Doe 1 and John Doe 2, jointly and severally, for compensatory damages, as well as punitive damages and for prejudgment and post-judgment interest, attorney fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and such other relief as this Court deems proper.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES

RANCEL JERAMY CROSS and RACHEL CROSS, Individually and as Natural Guardians of S C , a minor, T C , a minor, and L C' , a minor, PLAINTIFFS,

By:

SCOTT S. BLASS (#4628)
CHRISTOPHER J. McCABE, ESQ. (#13652)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
T: (304) 242-8410
F: (304) 242-3936
Email: sblass@bordaslaw.com
Email: cmccabe@bordaslaw.com
Counsel for Plaintiffs

26

## SUMMONS
### CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

*RANCEL JERAMY CROSS and*
*RACHEL CROSS, Individually*
*and as Natural Guardians of S*
*C        , a minor, T        : C        ', a minor*
*and L        C        i, a minor,*
*           Plaintiffs,*

CIVIL ACTION NO: **20-C-55**
JUDGE: **CRAMER**

*vs.*

*CAM SAFETY, LLC,*
*EQT CORPORATION,*
*PROFRAC SERVICES, LLC,*
*BOTHA TRUCKING, LLC,*
*JOHN DOE 1 and JOHN DOE 2,*
*           Defendants,*

**Please Serve:**
*CAM SAFETY, LLC*
*P.O. BOX 1366*
*GRANBURY, TX 76048*

### To the above named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby

Summoned and required to serve upon the Plaintiff's Attorney:

> ### Christopher J. McCabe, Esq.
> ### Bordas & Bordas, PLLC
> ### 1358 National Road
> ### Wheeling, WV 26003

an answer including any related counterclaim you may have, to the complaint filed

against you in the above-styled civil action, a true copy of which is herewith

delivered to you.  You are required to serve your answer within **30 Days** after

service of this summons upon you exclusive of the day of service.  If you fail to do

so, judgment by default may be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim in the above style civil

action.



**Dated: December 18, 2020**

_____
**Wetzel County Circuit Clerk**

**To:**   **WV Business One Stop Center**        **From: Lori J. McCoy**
     **Attn: Service of Process Section**        **Circuit Clerk**
     **1615 Washington St., East**        **P.O. Box 263**
     **Charleston, WV  25311-2126**        **New Martinsville WV 26155**

20-C-55

PLAINTIFF:  RANCEL JERAMY CROSS, ET AL

     4597 NEXT ROAD

     SISTERSVILLE, WV 26175

VS.

DEFENDANT: CAM SAFETY, LLC

     P.O. BOX 1366

     GRANBURY, TX 76048

**PLEASE ACCEPT SERVICE ON THE FOLLOWING:**

     CAM SAFETY, LLC

     P.O. BOX 1366

     GRANBURY, TX 76048

**A check for $ 20.00    is enclosed.  Thank you**

**SIGNED**  _Lori J. McCoy_

**SEAL**

## SUMMONS
## CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

*RANCEL JERAMY CROSS and*
*RACHEL CROSS, Individually*
*and as Natural Guardians of S*
*C           minor, T,        C        , a minor*
*and L        C,      , a minor,*
           *Plaintiffs,*

CIVIL ACTION NO: **20-C-55**
JUDGE: **CRAMER**

           *vs.*

*CAM SAFETY, LLC,*
*EQT CORPORATION,*
*PROFRAC SERVICES, LLC,*
*BOTHA TRUCKING, LLC,*
*JOHN DOE 1 and JOHN DOE 2,*
           *Defendants,*

**Please Serve:**
***PROFRAC SERVICES, LLC***
***17018 INTERSTATE 20***
***CISCO, TX 76437***

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby

Summoned and required to serve upon the Plaintiff's Attorney:

> ***Christopher J. McCabe, Esq.***
> ***Bordas & Bordas, PLLC***
> ***1358 National Road***
> ***Wheeling, WV 26003***

an answer including any related counterclaim you may have, to the complaint filed

against you in the above-styled civil action, a true copy of which is herewith

delivered to you.  You are required to serve your answer within ***30 Days*** after

service of this summons upon you exclusive of the day of service.  If you fail to do

so, judgment by default may be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim in the above style civil

action.



*Dated: December 18, 2020*

*Wetzel County Circuit Clerk*

To:   **WV Business One Stop Center**          From:  **Lori J. McCoy**
      **Attn: Service of Process Section**            **Circuit Clerk**
      **1615 Washington St., East**                   **P.O. Box 263**
      **Charleston, WV  25311-2126**                  **New Martinsville WV 26155**

20–C–55

PLAINTIFF:  RANCEL JERAMY CROSS, ET AL

4597 NEXT ROAD

SISTERSVILLE, WV 26175

VS.

DEFENDANT:  CAM SAFETY, LLC

P.O. BOX 1366

GRANBURY, TX 76048

PLEASE ACCEPT SERVICE ON THE FOLLOWING:

PROFRAC SERVICES, LLC

17018 INTERSTATE 20

CISCO, TX 76437

A check for $ 20.00   is enclosed.  Thank you

SIGNED   _Lori J McCoy_

SEAL

## SUMMONS
## CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

*RANCEL JERAMY CROSS and*
*RACHEL CROSS, Individually*
*and as Natural Guardians of*
   **S.C**  *a minor,*    **T.C.**  *, a minor,*
*and*  **L.C.**  *a minor,*
        *Plaintiffs,*

CIVIL ACTION NO: **20-C-55**
JUDGE: **CRAMER**

    *vs.*

*CAM SAFETY, LLC,*
*EQT CORPORATION,*
*PROFRAC SERVICES, LLC,*
*BOTHA TRUCKING, LLC,*
*JOHN DOE 1 and JOHN DOE 2,*
     *Defendants,*

**Please Serve:**
**BOTHA TRUCKING, LLC**
**5421 COUNTY ROAD 229**
**FREDERICKSBURG, OH 44627**

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby

Summoned and required to serve upon the Plaintiff's Attorney:

> *Christopher J. McCabe, Esq.*
> *Bordas & Bordas, PLLC*
> *1358 National Road*
> *Wheeling, WV 26003*

an answer including any related counterclaim you may have, to the complaint filed

against you in the above-styled civil action, a true copy of which is herewith

delivered to you.  You are required to serve your answer within **30 Days** after

service of this summons upon you exclusive of the day of service.  If you fail to do

so, judgment by default may be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim in the above style civil

action.

**Dated: December 18, 2020**



~~Lori~~ *Lori g McCoy*
**Wetzel County Circuit Clerk**

To:   **WV Business One Stop Center**        From:  **Lori J. McCoy**
      **Attn: Service of Process Section**          **Circuit Clerk**
      **1615 Washington St., East**                 **P.O. Box 263**
      **Charleston, WV  25311-2126**                **New Martinsville WV 26155**

                                                    20–C–55

**PLAINTIFF:** RANCEL JERAMY CROSS, ET AL

          4597 NEXT ROAD

          SISTERSVILLE, WV 26175

**VS.**

**DEFENDANT:** CAM SAFETY, LLC

          P.O. BOX 1366

          GRANBURY, TX 76048

          **PLEASE ACCEPT SERVICE ON THE FOLLOWING:**

               BOTHA TRUCKING, LLC

               5421 COUNTY ROAD 229

               FREDERICKSBURG, OH 44627

          **A check for $** 20.00 **is enclosed.  Thank you**

                              **SIGNED** *Lori J. McCoy*

                              **SEAL**

## SUMMONS
## CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

*RANCEL JERAMY CROSS and*
*RACHEL CROSS, Individually*
*and as Natural Guardians o*
   *S.C    a minor, .     T.C.    ; , a minor*
*and    L.C.      a minor,*
       *Plaintiffs,*

CIVIL ACTION NO: **20-C-55**
JUDGE: **CRAMER**

      *vs.*

*CAM SAFETY, LLC,*
*EQT CORPORATION,*
*PROFRAC SERVICES, LLC,*
*BOTHA TRUCKING, LLC,*
*JOHN DOE 1 and JOHN DOE 2,*
      *Defendants,*

**Please Serve:**
**EQT CORPORATION**
**615 LIBERTY AVENUE, SUITE 1700**
**PITTSBURGH, PA 15222**

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby

Summoned and required to serve upon the Plaintiff's Attorney:

> **Christopher J. McCabe, Esq.**
> **Bordas & Bordas, PLLC**
> **1358 National Road**
> **Wheeling, WV 26003**

an answer including any related counterclaim you may have, to the complaint filed

against you in the above-styled civil action, a true copy of which is herewith

delivered to you. You are required to serve your answer within **30 Days** after

service of this summons upon you exclusive of the day of service. If you fail to do

so, judgment by default may be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim in the above style civil

action.



**Dated: December 18, 2020**

*Wetzel County Circuit Clerk*

**To:**   **WV Business One Stop Center**
          **Attn: Service of Process Section**
          **1615 Washington St., East**
          **Charleston, WV  25311-2126**

**From:  Lori J. McCoy**
**Circuit Clerk**
**P.O. Box 263**
**New Martinsville WV 26155**

20-C-55

PLAINTIFF: RANCEL JERAMY CROSS, ET AL

4597 NEXT ROAD

SISTERSVILLE, WV 26175

VS.

DEFENDANT: CAM SAFETY, LLC

P.O. BOX 1366

GRANBURY, TX 76048

**PLEASE ACCEPT SERVICE ON THE FOLLOWING:**

EQT CORPORATION

615 LIBERTY AVENUE, SUITE 1700

PITTSBURGH, PA 15222

A check for $   20.00   is enclosed.  Thank you

SIGNED   *Lori J. McCoy*

SEAL